978 F.2d 714
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry A. BURLISON, Plaintiff-Appellant,
v.
STATE OF WASHINGTON OFFICE OF INSURANCE COMMISSIONER; Dick
Marquardt; Erika Taylor, Defendants-Appellees.
 No. 92-35031.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 16, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terry A. Burlison appeals pro se the district court's order denying Burlison's motion to amend the court's order granting summary judgment in favor of appellees. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for an abuse of discretion, Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991), and affirm.
 
 
 3
 Burlison contends the district court erred because default had been entered against the defendants on August 6, 1991. In his motion to amend, Burlison requested the court to enter this as a finding of fact. The record shows, however, that the clerk never entered default against defendants and the district court, in its October 24 order, denied Burlison's request for default judgment. See Fed.R.Civ.P. 55. This contention therefore lacks merit.
 
 
 4
 Burlison contends that the district court erred by failing to enter a separate judgment disposing of his motion as required by Fed.R.Civ.P. 58. This contention also lacks merit. Entry of a separate judgment is not required for an order denying a post-judgment motion where, as in this case, the order is properly entered on the docket. See Hollywood v. City of Santa Maria, 886 F.2d 1228, 1231-32 (9th Cir.1989).
 
 
 5
 Finally, Burlison contends the district court erred by failing to make findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52. This contention lacks merit. First, "[r]ule 52(a) provides that findings of fact and conclusions of law are unnecessary in decisions on motions." Bright v. Bechtel Petroleum, Inc., 780 F.2d 766, 772 (9th Cir.1986). Moreover, the district court's October 24 order contains conclusions of law and the reasons for the court's decision are otherwise ascertainable from the record. See Van Bourg, Allen, Weinberg & Roger v. NLRB, 656 F.2d 1356, 1357 (9th Cir.1981) (per curiam).
 
 
 6
 Burlison's request for attorney's fees is denied. In exercise of our discretion, we deny appellees' request for sanctions. See 28 U.S.C. § 1912; Fed.R.Civ.P. 38; Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Burlison's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In light of our decision, we deny Burlison's motion for summary reversal and motion for entry of findings of fact and conclusions of law