978 F.2d 714
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry A. BURLISON, Plaintiff-Appellant,
v.
Sherry L. BURLISON; Charles W. Talbot; Pierce County;
Thomas Swayze, Superior Ct. Judge, Judge, Superior Court;
James M. Marshall, Commissioner, Court Commissioner; Paul
M. Boyle, Commissioner, Court Commissioner, etc., et al.;
State of Washington, Defendants-Appellees.
 No. 92-35262.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 6, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terry A. Burlison appeals pro se the dismissal of his 42 U.S.C. § 1983 action challenging a Washington State Superior Court marital dissolution and child custody determination. The district court found that abstention principles required dismissal of the action because Burlison's civil rights claims would require the court to review a state court judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]
 
 
 3
 We review the district court's abstention decision for abuse of discretion. Coats v. Woods, 819 F.2d 236, 237 (9th Cir.), cert. denied, 484 U.S. 802 (1987). We may affirm the district court on any ground with support in the record. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 
 4
 On appeal, Burlison argues that the district court erred by dismissing his action sua sponte and thus failing to give him an opportunity to respond. The district court is under a continuing duty to establish its own subject matter jurisdiction and may sua sponte dismiss an action whenever it appears that jurisdiction is lacking. See Fed.R.Civ.P. 12(h)(3); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir.1983); Franklin v. State of Oregon, State Welfare Div., 662 F.2d 1337, 1342 (9th Cir.1981). Thus, the district court did not err by assessing its own jurisdiction and dismissing the action without providing Burlison an opportunity to respond. See Franklin, 662 F.2d at 1342.
 
 
 5
 In his complaint, Burlison seeks a temporary restraining order, permanent injunction, and damages. He alleges that the state court marital dissolution and child custody proceedings deprived him of his constitutional rights.
 
 
 6
 It is well settled that federal courts should abstain from adjudicating domestic relations cases, including those involving the custody of children. See Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir.1983) (per curiam). Even if the case raises constitutional issues, abstention is proper if the case, at its core, is a domestic relations or child custody dispute. See Coats, 819 F.2d at 237. "The strong state interest in domestic relations matters, [and] the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states ... makes federal abstention in these cases appropriate." Peterson, 708 F.2d at 466.
 
 
 7
 Here, although Burlison challenges the state court proceedings on constitutional grounds, he is essentially seeking federal review of the state court marital dissolution and child custody decision. Burlison is free to pursue his constitutional claims in state court. See Coats, 819 F.2d at 237 ("[i]f the constitutional claims in the case have independent merit, the state courts are competent to hear them"); Peterson, 708 F.2d at 466. Accordingly, because Burlison's action requires federal review of a state court's adjudication of marital dissolution and child custody rights, the district court did not abuse its discretion by applying the abstention doctrine and dismissing the action.[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the district court's dismissal of Burlison's action is without prejudice, it is nonetheless a final appealable order. See Ash v. Cvetkov, 739 F.2d 493, 494 (9th Cir.1984), cert. denied, 470 U.S. 1007 (1985)
 
 
 [2]
 Burlison's request for an award of attorney's fees and costs is denied