**Terry BURLISON, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 07–116C.**

United States Court of Federal Claims.

March 22, 2007.

Terry A. Burlison, Ocala, FL, pro se.

## ORDER

MARIAN BLANK HORN, Judge.

The plaintiff, Terry A. Burlison, filed a complaint *pro se* in this court claiming to have presented for payment to the Department of Justice a certified judgment against the United States for $350,000,000.00. As is discussed below, Mr. Burlison has filed numerous lawsuits in a variety of state and federal courts, based on facts related and similar to those at issue in the case before the court. In the action currently before this court, Mr. Burlison claims that the Department of Justice wrongly refused to pay an alleged judgment and demands "immediate payment of the claim and an award of costs under 28 U.S.C.A. § 2414." For the reasons stated below, the court finds that this court is without jurisdiction to entertain plaintiff's claim and further that the plaintiff fails to articulate a claim upon which relief can be granted.

The highlights of this plaintiff's history and interactions with state and federal courts on the issues raised in the action currently before the court are as follows. In May, 2001, Mr. Burlison brought an action against the Secretary of the United States Treasury in the United States District Court for the District of Columbia, alleging that the Secretary was in contempt of a United States Supreme Court writ of mandamus. According to the District Court, the plaintiff attached to his motion a document titled "WRIT OF MANDAMUS," which was not signed by the Supreme Court and which did not include a case number. Judge Alan Kay, a United States Magistrate Judge for the United States District Court for the District of Columbia, entered an order on August 7, 2001 dismissing the action and noted that a search of Supreme Court decisions revealed that no such writ existed. Mr. Burlison appealed the decision, and on October 12, 2001, the appeal was dismissed by the United States Court of Appeals for the District of Columbia.

Following this decision, Mr. Burlison filed a complaint in the Circuit Court for Marion County, Florida against Judge Kay, No. 03–1047–CA–K. Mr. Burlison sought damages in the amount of $350,000,000.00, alleging that "he was deprived of his constitutional right of access to the courts and his constitutional right of the use of his money ...." The clerk of the Marion County Circuit Court executed an entry in the court records, which states: "A default was entered in this action for failure to serve or file any paper as required by law." On July 10, 2003, plaintiff also filed a document titled "Motion for Final Judgment by Default" and another document, dated July 11, 2001, titled "Order for Final Judgment of Default," both of which Mr. Burlison himself signed. A review of the Marion County Circuit Court records indicates that neither of these documents was ever signed by a judge or clerk of the Marion County Circuit Court. On August 8, 2003, the defendant filed a notice of removal of the case to the United States District Court for the Middle District of Florida, Tampa Division. The Tampa Division immediately transferred the case to the Ocala Division of the Middle District of Florida, which formally docketed the case on August 11, 2003.[1]

---

1. Although the case already had been removed to federal court, on August 19, 2003, the Marion County Circuit Court entered an order requiring Mr. Burlison to submit to the court a certified copy of the judgment that Mr. Burlison claimed was entered against the defendant and indicated that "there is no indication in the court file that such judgment does exist." Mr. Burlison never supplied the requested documents; instead he filed a document in the Marion County Circuit Court that the case had been removed to federal court. On August 22, 2003, the Marion Circuit Court responded by vacating the August 19, 2003 order, noting that the case is now pending in

Once in federal court, Mr. Burlison again filed a motion for a default judgment against Judge Kay. The District Court denied the motion on September 2, 2003. After various motions, including Mr. Burlison's request for sanctions, on February 23, 2004, the United States District Court judge assigned to the case dismissed Mr. Burlison's case, with prejudice.

On September 16, 2003, Mr. Burlison filed a Writ of Mandamus in the Florida Supreme Court requesting that the court compel the clerk of the Marion County Circuit Court to certify petitioner's alleged $350,000,000.00 judgment. On February 25, 2004, the Florida Supreme Court transferred the case to the Marion County Circuit Court. The transfer document signed by the Florida Supreme Court specifically states:

> The transfer of this case should not be construed as an adjudication or comment on the merits of the petition, nor as a determination that the transferee court has jurisdiction or that the petition has been properly denominated as a petition for writ of mandamus. The transferee court should not interpret the transfer of this case as an indication that it must or should reach the merits of the petition.

On October 21, 2004, the Marion County Circuit Court dismissed the claim, with prejudice, stating that "[t]he bottom line is *no* final judgment was ever entered by [the] Court in Case No. 03–1048–CA–K so there is *nothing* for the Respondent, Clerk of the Circuit Court, in the present case to 'certify' to the federal court or, for that matter, any other court." (emphasis in original). Mr. Burlison then appealed the decision of the Marion County Circuit Court to the Fifth District Court of Appeals of Florida, which affirmed the Circuit Court's decision, *per curiam,* without opinion. *Burlison v. Ellspermann,* 900 So.2d 569 (Fla. 5th DCA 2005).

Although Mr. Burlison had received repeated indications from the courts that he did not have a valid or enforceable judgment, attached to plaintiff's complaint filed in this court is an undated, unsigned copy of a memorandum titled "Claim for Payment to the federal court and ordering that the case be formally closed.

Department of the Treasury" stating that plaintiff had received a final judgment against the United States in the amount of $350,000,000.00. Also attached to the complaint filed in this court is a copy of an ungrammatical letter dated March 17, 2004, in which the United States Department of the Treasury informed Mr. Burlison, "our Office do [sic] not accept claims, unless certified by the Department of Justice." A March 22, 2004 memorandum from Mr. Burlison addressed to the United States Attorney General, also included as an attachment to plaintiff's complaint in this court, alleged that plaintiff had received a judgment against the United States and requested that the judgment be certified for payment. There is nothing in the record to indicate that the memorandum was received at the Department of Justice or that Mr. Burlison received a response.

Mr. Burlison then filed another action in the United States District Court for the Middle District of Florida on August 25, 2005, requesting an "interim award of costs" in the amount of $1640.50 for expenses incurred in his previous action against Judge Kay, along with an *In Forma Pauperis* application. The court dismissed the case, with prejudice, adopting the recommendation and report of a magistrate judge, who determined that the case was barred by "res judicata" and was "frivolous" because the case "is based on the false assumption that Plaintiff obtained a final judgment against Defendant in the Marion county case."

This court also notes that Mr. Burlison has a long and litigious history in Washington State as well, including on issues similar to the Florida State and federal court litigation. In December, 1989, Mr. Burlison filed an action against Thurston County of the State of Washington and a Superior Court Judge for Thurston County in the United States District Court for the Western District of Washington, alleging that a Superior Court judge had violated his right to due process by refusing to enter a default judgment in a civil action he had brought against the state insurance commissioner. *Burlison v. Thurston County,* No. 90–35026, 1990 WL 164666,

1990 U.S.App. LEXIS 18875 (9th Cir. Oct.26, 1990). The United States District Court for the Western District of Washington dismissed the action finding that the Superior Court Judge was immune from damages for acts performed in her judicial capacity. *Burlison v. Thurston County*, No. 90–35026, 1990 WL 164666, 1990 U.S.App. LEXIS 18875 (9th Cir. Oct.26, 1990). Mr. Burlison then appealed the decision to the United States Court of Appeals for the Ninth Circuit, which affirmed the dismissal on the same grounds. *See id.*

In 1991, Mr. Burlison filed another action for $3,500,000.00, also in the United States District Court for the Western District of Washington, No. 91–5301, alleging deprivation of civil rights against the insurance commissioner for the State of Washington and associated individuals. The trial court entered summary judgment for the defendants and denied plaintiff's request for a default judgment. Mr. Burlison appealed the decision to the United States Court of Appeals for the Ninth Circuit. *Burlison v. State of Washington Office of Ins. Comm'r*, No. 92–35031, 1992 WL 295209, 1992 U.S.App. LEXIS 26383, at *1 (9th Cir. Oct. 13, 1992). The Ninth Circuit affirmed the District Court decision. *See id.*

In February, 1992, Mr. Burlison filed yet another action, once again in the United States District Court for the Western District of Washington, Case No. 92–5050, against a number of defendants, including the Washington State Pierce County prosecutor's office, a superior court judge, two court commissioners, and the Washington State Office of Support Enforcement, as well as plaintiff's wife. Mr. Burlison sought a temporary restraining order, a permanent injunction, and damages in the amount of $53,053,000.00, claiming that a state court marital dissolution and a child custody proceeding had deprived him of his constitutional rights. *See Burlison v. Burlison*, No. 92–35262, 1992 WL 322109, 1992 U.S.App. LEXIS 29357 (9th Cir. Nov.4, 1992). The District Court dismissed the case, *sua sponte*, for lack of jurisdiction, and refrained from reviewing the state court action. *See Burlison v. Burlison*, No. 92–35262, 1992 WL 322109,

1992 U.S.App. LEXIS 29357 (9th Cir. Nov.4, 1992). Mr. Burlison then appealed the decision to the United States Court of Appeals for the Ninth Circuit, which affirmed the dismissal, finding that federal courts do not have jurisdiction to review state court decisions regarding domestic relations matters. *See Burlison v. Burlison*, No. 92–35262, 1992 WL 322109, 1992 U.S.App. LEXIS 29357 (9th Cir. Nov.4, 1992).

In March, 1992, Mr. Burlison filed a complaint against the Chief Judge for the Western District of Washington pursuant to 42 U.S.C. § 1983, demanding $5,200,000.00. The court dismissed the case, *sua sponte*, with prejudice, finding that Mr. Burlison "could not possibly win relief."

In April, 1995, Mr. Burlison again brought an action in the United States District Court for the Western District of Washington, this time against the Pierce County Superior Court, alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983, and demanding $30,000,000.00 in relief. The court dismissed the action, with prejudice, on July 20, 1995 and awarded defendant costs.

## DISCUSSION

■ A court may dismiss a plaintiff's claims for failure to state a claim when no additional proceedings would enable the plaintiff to prove facts entitling him or her to prevail. *New York Life Ins. Co. v. United States*, 190 F.3d 1372, 1377 (Fed.Cir.1999); *Constant v. United States*, 929 F.2d 654, 657 (Fed.Cir.) ("Nor is due process violated by a dismissal, even sua sponte, for failure to state a claim. . . . [N]o additional proceedings could have enabled Constant to prove any set of facts entitling him to prevail on his claim for relief."), *cert. denied*, 501 U.S. 1206, 111 S.Ct. 2799, 115 L.Ed.2d 973 (1991); *see also Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 793–94 (Fed.Cir. 2000) (the particular facts of the case did not support a sua sponte dismissal for failure to state a claim). The court should dismiss a case for failure to state a claim only if "it appears beyond doubt that [plaintiff] can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629,

654, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999) (quoting *Conley v. Gibson,* 355 U.S. 41, 46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Boyle v. United States,* 200 F.3d 1369, 1372 (Fed. Cir.2000); *New Valley Corp. v. United States,* 119 F.3d 1576, 1579 (Fed.Cir.), *reh'g denied, en banc suggestion declined* (1997); *Consolidated Edison Co. v. O'Leary,* 117 F.3d 538, 542 (Fed.Cir.1997), *cert. denied,* 522 U.S. 1108, 118 S.Ct. 1036, 140 L.Ed.2d 103 (1998); *Gould, Inc. v. United States,* 67 F.3d 925, 929–30 (Fed.Cir.1995); *Highland Falls–Fort Montgomery Cent. School Dist. v. United States,* 48 F.3d 1166, 1169 (Fed.Cir.), *cert. denied,* 516 U.S. 820, 116 S.Ct. 80, 133 L.Ed.2d 38 (1995); *Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed.Cir.1989); *W.R. Cooper Gen. Contractor, Inc. v. United States,* 843 F.2d 1362, 1364 (Fed.Cir.1988) ("When the facts alleged in the complaint reveal 'any possible basis on which the non-movant might prevail, the motion [to dismiss] must be denied.' "); *RCS Enterps., Inc. v. United States,* 46 Fed.Cl. 509, 513 (2000).

When deciding on a motion to dismiss based on failure to state a claim, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. 99; *Boyle v. United States,* 200 F.3d at 1372; *Perez v. United States,* 156 F.3d 1366, 1370 (Fed.Cir.1998); *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995); *Highland Falls–Fort Montgomery Cent. School Dist. v. United States,* 48 F.3d at 1167 (citing *Gould, Inc. v. United States,* 935 F.2d 1271, 1274 (Fed.Cir.1991)); *Hamlet v. United States,* 873 F.2d at 1416; *Ho v. U.S.,* 49 Fed.Cl. 96, 100 (2001), *aff'd,* 30 Fed.Appx. 964 (2002); *Alaska v. United States,* 32 Fed.Cl. at 695. If a defendant or the court challenges jurisdiction or plaintiffs' claim for relief, however, the plaintiffs cannot rely merely on allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *see also Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed. Cir.1988); *Catellus Dev. Corp. v. United States,* 31 Fed.Cl. 399, 404–05 (1994). "A

motion to dismiss under Rule [12(b)(6)] for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not under the law entitle him to a remedy." *Perez v. United States,* 156 F.3d at 1370.

The court acknowledges that the plaintiff is proceeding *pro se.* Normally, *pro se* plaintiffs are entitled to liberal construction of their pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). The United States Court of Appeals for the Federal Circuit has similarly stated that "the pleadings of *pro se* litigants should be held to a lesser standard than those drafted by lawyers when determining whether the complaint should be dismissed for failure to state a claim because '[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.' " *Forshey v. Principi,* 284 F.3d 1335, 1357 (Fed.Cir.2002) (quoting *Hughes v. Rowe,* 449 U.S. 5, 15, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)), *cert. denied,* 537 U.S. 823, 123 S.Ct. 110 (2002). However, "there is no 'duty [on the part] of the trial court ... to create a claim which appellant has not spelled out in his pleading ....' " *Scogin v. United States,* 33 Fed.Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975)) (alterations in original); *see also Minehan v. United States,* 75 Fed.Cl. 249, 253 (2007). " 'A complaint that is ... confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation ....' " *Scogin v. United States,* 33 Fed.Cl. at 293 (quoting *Vicom, Inc. v. Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 775–76 (7th Cir. 1994)) (alterations in original and citations omitted); *see also Merritt v. United States,*

267 U.S. 338, 341, 45 S.Ct. 278, 69 L.Ed. 643 (1925) ("The petition may not be so general as to leave the defendant in doubt as to what must be met.") (citations omitted). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States,* 59 Fed. Cl. 497, 499, *aff'd,* 98 Fed.Appx. 860 (Fed. Cir.), *reh'g denied* (2004).

In the case currently before the court, plaintiff alleges that he has in his possession a default judgment against the United States in the amount of $350,000,000.00. In support of this claim, he attached to his complaint in this court four documents in the following order: 1) a copy of a demand letter from plaintiff to the Attorney General of the United States, dated March 22, 2004; 2) a copy of a letter from a Claims Analyst, Judgment Fund Staff, at the United States Department of the Treasury indicating inability to process a claim when uncertified by the Department of Justice, dated March 17, 2004; 3) a clerk's entry of default from the Marion County Circuit Court; and 4) an unsigned proposed order for default judgment submitted to the Marion County Circuit Court. Plaintiff claims that these documents entitle him to a judgment against the United States in the amount of $350,000,000.00.

■ Initially, the court notes that to the extent that Mr. Burlison is asking this court to review the actions of state and other federal courts, this court lacks jurisdiction to hear such claims. The United States Court of Federal Claims "does not have jurisdiction to review the decisions of district courts ... relating to proceedings before those courts." *Joshua v. United States,* 17 F.3d 378, 379 (Fed.Cir.1994); *see also Matthews v. United States,* 72 Fed.Cl. at 282 ("[T]his court lacks jurisdiction to consider whether the United States District Court [ ] abused its discretion ...."). Moreover, "lower federal courts *lack* jurisdiction to review state court judgments." *Fielder v. Credit Acceptance Corp.,* 188 F.3d 1031, 1034 (8th Cir.1999) (emphasis in original). Only the United States Supreme Court may review final judgments entered by state courts. 28 U.S.C. § 1257 (2000); *see also Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Tra-*

*bajo de Puerto Rico,* 410 F.3d 17, 21 (1st Cir.2005) ("Congress, by the terms of that statute [28 U.S.C. § 1257], granted the United States Supreme Court, and only the United States Supreme Court, jurisdiction over appeals from state courts ....") (citing the *Rooker-Feldman* doctrine, *see Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923)).

Mr. Burlison bases his claims on a default judgment he alleges he obtained in the Marion County Circuit Court. Court records, however, reveal that the action in the Marion County Circuit Court of Florida, which was removed to the United States District Court for the Middle District of Florida, was filed against Alan Kay, individually and as a United States Magistrate Judge. Thus, to the extent that Mr. Burlison is attempting to enforce a court decision against the United States, because the United States was not a party to the action in the Marion County Circuit Court, or after the case was removed to the United States District Court for the Middle District of Florida, no default judgment could have been entered against the defendant United States, in the Marion County Circuit Court or in the District Court for the Middle District of Florida, which, in fact, dismissed the case, with prejudice.

Mr. Burlison also brought an action against the Marion County Circuit Court demanding certification of the alleged default judgment. In that case, the Marion County Circuit Court found that *"no* final judgment was ever entered by [the] Court in Case No. 03–1048–CA–K so there is *nothing* for the Respondent, Clerk of the Circuit Court, in the present case to 'certify ....' " (emphasis in original). That decision was then affirmed by the Fifth District Court of Appeal of Florida. *See Burlison v. Ellspermann,* 900 So.2d 569 (Fla. 5th DCA 2005). Thus, the Marion County Circuit Court also has determined that no default judgment actually was entered, a decision which this court lacks jurisdiction to review.

In addition, the court finds that Mr. Burlison fails to state a claim upon which relief can be granted. A brief examination of Florida law indicates that a clerk's entry of default does not entitle a plaintiff to a final default judgment. Under the Florida State Rules of Civil Procedure, if a defendant fails to file or serve any pleading or paper within the appropriate time frame, the clerk may enter a default upon motion of the plaintiff. Fla. R. Civ. P. 1.500(a). The entry of a default precludes the defendant from contesting the plaintiff's claim or any liability for the claim. *Harless v. Kuhn*, 403 So.2d 423, 425 (Fla.1981) ("When a default is issued, a party has the right to contest damages caused by his wrong, but no other issues."). But, an "entry of a default does not automatically entitle the plaintiff to the entry of a default judgment. On entry of default, the defaulting party admits only the well-pleaded factual allegations of the complaint against it. The defaulting party does not admit conclusions of law." *Days Inns Acquisition Corp. v. Hutchinson*, 707 So.2d 747, 749 (Fla. 4th DCA 1998) (internal citations omitted); *see also Ellish v. Richard*, 622 So.2d 1154, 1155 (Fla. 4th DCA 1993) ("Conclusions of law, and facts not well pleaded, and forced inferences are not admitted by a default judgment."). Consequently, a default judgment may be set aside where the complaint fails to state a cause of action. *Aboudraah v. Tartus Group, Inc.*, 795 So.2d 79, 81–82 (Fla. 5th DCA 2000) ("A default judgment should be set aside where the complaint fails to state a cause of action."); *Becerra v. Equity Imports, Inc.*, 551 So.2d 486, 488 (Fla. 3d DCA 1989) ("Failure to state a cause of action, unlike formal or technical deficiencies, is a fatal pleading deficiency not curable by a default judgment."); *see also* 2 Matthew Bender, Florida Civil Procedure § 23 (2003).

In the case currently before the court, the records from Marion County Circuit Court and the documents submitted in the instant action to this court by Mr. Burlison, indicate that Mr. Burlison received a clerk's entry of default for failure to respond, not a default judgment on damages. Although Mr. Burlison attempted to submit a proposed order for a final judgment to the Marion County Circuit Court, that document was never signed by the court. It is this unsigned document that Mr. Burlison attached to his current complaint in this court, and which he attempts to pass off as a certified judgment against the United States. Under these circumstances, Mr. Burlison cannot prove any set of facts entitling him to relief in this court. Accordingly, this court finds that plaintiff fails to state a claim upon which relief can be granted, *see* RCFC 12(b)(6), and the court dismisses the complaint, with prejudice.

The court also reminds Mr. Burlison that litigation is serious business. "This and other federal courts are funded by the taxpayers of this country to adjudicate genuine disputes, not to function as playgrounds for would-be lawyers or provide an emotional release for frustrated litigants." *Constant v. United States*, 929 F.2d at 659. Further, "[w]here, as here, a party's argument flies in the teeth of the plain meaning of the statute and raises arguments with utterly no foundation in law or logic ... the judicial process is abused and the funds provided by Congress via the taxpayers to the Justice Department are wasted." *Abbs v. Principi*, 237 F.3d 1342, 1351 (Fed.Cir.2001).

Over the past fifteen years, Mr. Burlison has filed numerous lawsuits against state and local governments, courts, and various federal and state officials. In numerous lawsuits, he has filed actions for large sums of money and attempted to achieve default judgments from the courts. The ones identified in this opinion are only the ones the court was able to locate in court records electronically. Repeatedly, Mr. Burlison has attempted to have courts enforce nonexistent court orders and judgments, and has used unsigned documents in an attempt to convince the courts of his claims. Mr. Burlison's actions needlessly waste taxpayer money and the productive time of state and federal courts. Mr. Burlison should be aware that Rule 11 of the Federal Rules of Civil Procedure and the Rules of the United States Court of Federal Claims grant courts the authority to impose sanctions on parties who file frivolous or baseless pleadings. Should plaintiff attempt to file another frivolous lawsuit in the United States Court of Federal Claims, the court

has the discretion to impose sanctions against him.

## CONCLUSION

For the foregoing reasons, plaintiff's complaint is **DISMISSED**, with prejudice. The clerk's office shall enter **JUDGMENT** consistent with this order. Costs to the defendant.

**IT IS SO ORDERED.**

