Terry A. BURLISON, Plaintiff–
Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 2007–5095.

United States Court of Appeals,
Federal Circuit.

June 6, 2007.

Terry A. Burlison, pro se.

Before SCHALL, GAJARSA, and LINN, Circuit Judges.

ON MOTION

PER CURIAM.

*ORDER*

Terry A. Burlison moves to vacate the United States Court of Federal Claims' judgment in *Burlison v. United States,* 75 Fed.Cl. 736 (Fed.Cl.2007) and remand the matter for consideration of the "deliberate indifference rule." The United States opposes and moves for summary affirmance. The United States also moves for an extension of time, until May 3, 2007, to file its response to Burlison's motion to vacate and remand. Burlison opposes.

Burlison filed a complaint in the United States Court of Federal Claims claiming to have presented for payment to the Department of Justice a certified judgment against the United States for $350,000,000.00. According to the court's account of the facts, Burlison's claim arose from a lawsuit he filed in a Florida state court against the United States Magistrate Judge who dismissed Burlison's action against the Secretary of the United States

Treasury. On March 22, 2007, the Court of Federal Claims dismissed Burlison's complaint with prejudice on the grounds that it was without jurisdiction to entertain his complaint, he had failed to articulate a claim upon which the court could grant relief, and his complaint was frivolous. Burlison appealed.

Summary affirmance of a case "is appropriate, *inter alia,* when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States,* 17 F.3d 378, 380 (Fed. Cir.1994). In the present case, it is clear that summary affirmance is warranted.

Accordingly,

IT IS ORDERED THAT:

(1) Burlison's motion to vacate and remand is denied.

(2) The United States's motion for summary affirmance is granted.

(3) The United States's motion for an extension of time to file its response is granted.

(4) Each side shall bear its own costs.