"This pro se case is before the court, without oral argument, on the defendant’s motion to dismiss. The plaintiff alleges that he has suffered financial loss in connection with various real estate and financial transactions as a result of the conspiracies of executive and judicial officials of the State of Illinois, that he was falsely imprisoned in the Cook County jail, and that his wife was temporarily paralyzed from the shock of his imprisonment. He seeks damages from the defendant because the federal courts have negligently failed to protect his 4th, 5th, and 14th amendment rights under the Constitution. He also alleges harassment of both his wife and himself by Internal Revenue Service agents, which caused injury to his reputation, business connections, credit, and professional career. In addition, he claims that he is entitled to a tax refund for the year 1963; his claim therefor had been disallowed by the IRS in a notice dated December 16, 1965.
"The plaintiffs assertions concerning Illinois state officials and courts are obviously beyond this court’s jurisdiction. The allegations in regard to harassment by I.R.S. agents clearly sound in tort and this court has no jurisdiction under 28 U.S.C. § 1491 (1970) over claims sounding in tort. Vincin v. United States, 199 Ct. Cl. 762, *1019 765, 468 F.2d 930, 932 (1972); Clark v. United States, 198 Ct. Cl. 593, 597, 461 F.2d 781, 783, cert. denied, 409 U.S. 1028 (1972); Algonac Mfg. Co. v. United States, 192 Ct. Cl. 649, 663, 428 F.2d 1241, 1249 (1970). In view of the nature of the claims and of plaintiffs prior litigations, it would not be in the interest of justice to transfer this part of the case to the district court for consideration under the Tort Claims Act.
"The claims under the amendments to the Constitution are claims under constitutional provisions which do not in themselves grant a right to payment of money and are therefore beyond the limits of this court’s jurisdiction. United States v. Testan, 424 U.S. 392, 401-02 (1976); Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 605, 372 F.2d 1002, 1007 (1967).
"Lastly, the plaintiffs claim for an income tax refund, denied by the Internal Revenue Service in 1965, is now barred by the statute of limitations under I.R.S. § 6532(a).
"it is therefore ordered and concluded that the defendant’s motion to dismiss is granted and that the plaintiffs petition will be dismissed if a motion for leave to file an amended petition is not filed within 30 days.[1]”
On May 1, 1978 plaintiff filed an amended petition; on June 9, 1978 defendant filed opposition to plaintiffs amended petition.

 In his answer to the defendant’s motion to dismiss, plaintiff states that he intends to amend his petition to cover amounts owed him as tax refunds for the years 1964 through 1968. The defendant urges that such claims would be time-barred. However, without further facts, it cannot be decided that the plaintiffs claims for those years would be time-barred. See Detroit Trust Co. v. United States, 131 Ct. Cl. 223, 130 F. Supp. 815 (1955). Therefore, the plaintiff may seek leave of the court to amend his petition in accordance with Rule 39 upon an adequate showing that he has made proper claims for refunds in respect to those years and that his request for leave to amend his petition is timely under I.R.C. § 6532(a).