"Defendant has moved to dismiss the petition of plaintiff who is before the court pro se. Plaintiff presents the court with a long litany of complaints and demands for redress, based principally upon his alleged constitutional rights. His claim falls into three main groups.
"First, plaintiff complains of actions taken by authorities of the State of Illinois, beginning in 1965. It is not intended that his complaint be repeated here in detail but it pertains, generally, to allegedly malicious suits against plaintiff for enforcement of deed restrictions and zoning requirements, his imprisonment in solitary confinement, confiscation of his property, and his inability to obtain redress in Illinois courts or assistance from a county attorney or the State’s attorney general.
"Second, plaintiff complains of actions taken and not taken by Congress, the Supreme Court, and the Attorney General of the United States, to represent him and to defend and perfect his constitutional rights against the tyranny of Illinois and the federal bureaucracy.
"Third, plaintiff alleges that Legal Aid offices have failed in their duties to him 'forcing plaintiff to become a lawyer to defend himself and his constitutional rights.’
"Plaintiff seeks compensatory damages of $360,000 for loss of health, liberty, property, and for mental anguish, incarceration, and conspiracy. He seeks $5 million in antitrust damages for violations in connection with the activities of the Legal Aid offices. He also seeks mandamus compelling Legal Aid to furnish him counsel; mandamus directing the Supreme Court to give him a trial or review his legal problems; mandamus directing Congress to award *1036 him $5 million and to withhold federal funds from the State of Illinois. He also demands certain legislation by Congress and the posting of a $1 million dollar bond to prevent further 'rape’ of his constitutional rights.
"Upon patient and careful consideration of each of plaintiffs claims, and viewing them in the light most favorable to him, we conclude that he has not stated a claim on which relief can be granted by this court of limited jurisdiction nor has plaintiff cited any case to us which aids his cause. The cases he has cited are inapposite.
" 'The Court of Claims is a special tribunal established to hear and determine suits against the United States on claims of specified classes. Except as Congress has consented, there is no right to bring these suits against the United States, and therefore the right arising from the consent is subject to such restrictions as Congress has imposed.’ Luckenbach S.S. Co. v. United States, 272 U.S. 533, 536 (1926). See also United States v. Testan, 424 U.S. 392 (1976); United States v. King, 395 U.S. 1 (1969); Eastport S.S. Corp. v. United States, 178 Ct. Cl. 599, 372 F.2d 1002 (1967).
'It is therefore ordered, upon consideration of the petition, the motion, and plaintiffs response thereto, without oral argument, that defendant’s motion to dismiss is hereby granted. The petition is dismissed.”
Plaintiffs motion for reconsideration was denied April 4, 1978.