The pro se petition (by William E. Conrad, his wife, and on behalf of minor children) asks for $387,000,000 from the United States. It is impossible to tell the precise acts of which plaintiffs now complain but they seem to be the failure of courts and federal officials to investigate some unspecified claims of the Conrads for damages for personal injury and to grant them monetary relief. Defendant moves to dismiss the petition for failure to state any claim within the jurisdiction of this court.
As far as we can gather from the turgid and confused pro se petition, plaintiffs seek relief in this court because, allegedly, other courts and agencies (1) have failed "to extend protection of the law of the United States to the plaintiffs,” (2) have refused to entertain or properly decide plaintiffs’ unspecified underlying claims and grievances,[1] (3) have conspired (without specification) against plaintiffs and negligently or wilfully inflicted "extreme mental pain and suffering,” leading to consequent physical and property damage.
The Court of Claims is a court of limited jurisdiction, not one set up to review all the acts of other courts or of federal or state agencies in order to see that fairness has prevailed. Our limited jurisdiction does include suits on actual government contracts but plaintiffs allege no express contract with the United States, nor can we see any contract implied in fact. The United States has no such actual contract with its citizens that justice be done them in the courts of our country or that its citizens be treated fairly. There is no claim that plaintiffs have paid money to the United States of which they are entitled to return (another ground for our jurisdiction). Nor are there any Constitutional or statutory provisions which mandate compensation by the United States in the circumstances presented in the petition (still another ground for our jurisdiction. See United States v. Testan, 424 U.S. 392 (1976)). In particular, this court has no *626 general jurisdiction, under the restricted provisions of 28 U.S.C. § 1491, to grant compensation for violations of the Due Process and Equal Protection Clauses of the Constitution. See, e.g., Vlahakis v. United States, 215 Ct. Cl. 1018 (1978); Tarkowski v. United States, 215 Ct. Cl. 1035 (1978). Finally, we have no original jurisdiction over tort claims for asserted negligence and wilful wrongs, claims threaded throughout the petition. E.g., Vlahakis, supra; Somali Development Bank v. United States, 205 Ct. Cl. 741, 749, 508 F.2d 817, 822 (1974).
For these reasons, the petition (supplemented by plaintiffs’ other filings) fails to state any claim within the jurisdiction of this court. Defendant’s motion to dismiss is granted and the petition is dismissed.
IT IS SO ORDERED.
Plaintiffs’ motion for relief from judgment was denied May 15, 1981.

 The petition avers (inter alia): "Plaintiffs have been refused protection by the Government, refused the right to present evidence, refused assistance to prevent the harassment and violence while exercising the right to petition or on account of so doing, under the color law.”