This is another of those unfortunate petitions, of which we have had so many in recent years. Plaintiff has set down to play the organ without having learned to read the notes. He calls his document, not inaptly, "a petition for redress of grievances.” He has many grievances, and some may well be legitimate, but they can never be redressed the way he goes about it. He thinks this court is an ombudsman, who will investigate and correct any kind of malfeasance called *729 to its attention in the vast federal establishment. That this is (a) a court, (b) of limited jurisdiction, (c) having no equity powers except as ancillary to its money judgments, (d) conducted under the adversary system, are news plaintiff never has received. Defendant moves to dismiss for failure to state a cause of action, and defendant must and does prevail.
Plaintiff recites his education (Princeton), the circumstances under which he became an enlisted man instead of an officer as he would have preferred, his services as a Marine, his stopping his drinking and returning to the God of his fathers, his receipt of the Holy Ghost and his start of prophesying in Spanish, his removal by ambulance to Bethesda Naval Hospital, his diagnosis of schizophrenia, his discharge by the Marines with a 10 point disability, his frequent involuntary incarcerations in Veterans Administration hospitals, his mistreatment by VA staff, his suffering, that his family and loved ones hated him and stole from him, his legal struggles with the VA, his deprivation of liberty and property without due process of law, and his efforts to enter the Foreign Service and the Civil Service. Whereupon he appeals to the Court of Claims for judgment against the United States, $10,000,000 actual and punitive damages, and an order to the VA to declare him competent.
Plaintiffs education at Princeton must have been excellent. He does not misspell a word, and his sentences are all grammatical and parse well.
Defendant’s motion to dismiss quotes the Tucker Act, 28 U.S.C. § 1491 and says the petition must be dismissed because it sounds in tort.
But plaintiff, educated by defendant’s motion, says the claim is founded upon the Constitution, amendments I, V, VIII, and XIV. We do not see clearly that the grievances all actually sound in tort. They emit a variety of sounds, but it is apparent that the constitutional claims are not founded on provisions that mandate the payment of money, and therefore they are not within the jurisdiction of this court. Vlahakis v. United States, 215 Ct.Cl. 1018 (1978)
Plaintiff cannot possibly get anywhere in this court, when there is no one to interrogate him and find out if somewhere concealed by his lengthy recitals, a cause of *730 action may lie, or at least something worth looking into, and when defendant has able counsel required to secure the dismissal of any petition which, as written, does not satisfy the difficult requirements that one stating a claim in this court must meet. Plaintiff will, if his actions resemble those of others with his problems, apply here again and again, to the manifest waste of his own resources and those of the court. Or possibly he will apply elsewhere with equal futility. If he has a genuine grievance, the fact will never be known.
Defendant’s motion to dismiss is granted and the petition is dismissed.