NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GLORIA TREVIÑO, Individually, and as Next Friend for ROBERT RODRIGUEZ TREVIÑO,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2014-5017

---

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00362-NBF, Judge Nancy B. Firestone.

---

Decided: March 7, 2014

---

GLORIA TREVIÑO and ROBERT RODRIGUEZ TREVIÑO, of Houston, Texas, pro se.

VERONICA N. ONYEMA, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and SCOTT D. AUSTIN, Assistant Director.

———————————

Before RADER, *Chief Judge,* TARANTO and HUGHES, *Circuit Judges.*

PER CURIAM.

Gloria Treviño appeals from the decision of the United States Court of Federal Claims dismissing her complaint for lack of subject matter jurisdiction. *Treviño v. United States,* No. 13–362 C (Fed. Cl. Oct. 29, 2013). Because the Court of Federal Claims did not err in dismissing Ms. Treviño's complaint, we *affirm*.

I.

Ms. Treviño filed her complaint on May 29, 2013, both individually and as next friend for her brother, Robert Treviño. Mr. Treviño was convicted on August 25, 1995 of one count of aggravated sexual assault of a child, four counts of sexual assault of a child, and one count of indecency with a child. Mr. Treviño is currently serving a sentence of life imprisonment in a Texas prison. Ms. Treviño alleges that Mr. Treviño is unlawfully incarcerated, that he is a veteran, and that he has been mistreated by the United States Department of Veterans Affairs. She also alleges that other federal agencies, state and federal courts, and court officials have conspired to deny Mr. Treviño medical benefits and treatment to which he is entitled. Ms. Treviño alleges that she is also a veteran, that she suffers from service-connected injuries, including post-traumatic stress disorder, and that she has not received appropriate medical benefits.

Ms. Treviño alleges that the United States Court of Federal Claims has jurisdiction under 28 U.S.C. §§ 1346 and 1491, 38 U.S.C. §§ 5901 and 7101 and 42 U.S.C. § 1983. She also alleges "Civil and Human Rights Violations," "Violations of RICO" and "Mafia-Related Activities." She seeks $350,000,000 in monetary damages,

along with various other forms of equitable and injunctive relief.

The Court of Federal Claims dismissed her complaint on October 29, 2013, for lack of subject matter jurisdiction. The trial court held that it lacked jurisdiction to entertain Ms. Treviño's (1) claims against parties other than the United States and its agencies, including claims against states, localities, state and local government officials, United States Senate Committees, various state and federal courts, and state and federal employees; (2) claims related to the grant or denial of veteran's benefits; (3) tort claims and civil rights claims under 42 U.S.C. § 1983; (4) Racketeer Influenced and Corrupt Organizations Act (RICO) claims and constitutional claims; and (5) claims seeking equitable remedies, including injunctive relief and punitive damages. Ms. Treviño appeals this dismissal.

## II.

This court possesses jurisdiction to review a final decision of the Court of Federal Claims pursuant to 28 U.S.C. § 1295(a)(3). Whether the Court of Federal Claims possesses subject matter jurisdiction over a claim is a question of law this court reviews de novo. *W. Co. of N. Am. v. United States*, 323 F.3d 1024, 1029 (Fed. Cir. 2003).

The Tucker Act, 28 U.S.C. § 1491, limits the jurisdiction of the Court of Federal Claims to claims for money damages against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (internal quotation marks omitted).

The trial court correctly held that it lacked jurisdiction over Ms. Treviño's claims. First, the trial court does not have jurisdiction over claims against any party other

than the United States.  28 U.S.C. § 1491 (2012); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941).  Thus, the court lacks jurisdiction over Ms. Treviño's claims against states, localities, state and local government officials, state courts, state prisons, or state employees.

Second, the trial court does not have jurisdiction over Ms. Treviño's claims that she and her brother are entitled to veterans benefits.  These claims must first be brought to the Department of Veterans Affairs and may only be appealed to the United States Court of Appeals for Veterans Claims and then to this court.  38 U.S.C. §§ 7252, 7292 (2012).

Third, the trial court does not have jurisdiction over Ms. Treviño's tort claims or her § 1983 claims.  *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (holding that the Court of Federal Claims lacks jurisdiction over tort claims); *Anderson v. United States*, 22 Cl. Ct. 178, 179 n.2 (1990), *aff'd*, 937 F.2d 623 (Fed. Cir. 1991) (holding that the Court of Federal Claims lacks jurisdiction over § 1983 claims).

Fourth, the trial court does not have jurisdiction over Ms. Treviño's RICO claims or her claims under the due process, equal protection or supremacy clauses of the United States Constitution.  These claims do not fall within the court's jurisdiction as defined by the Tucker Act because none of those statutes or constitutional provisions mandate the payment of money.  *See Hufford v. United States*, 87 Fed. Cl. 696, 702 (2009) (holding that the Court of Federal Claims lacks jurisdiction over RICO claims); *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (en banc) (holding that the Court of Federal Claims lacks jurisdiction over claims based on constitutional provisions that do not obligate the government to pay money).

Finally, the trial court does not have jurisdiction over Ms. Treviño's claims for injunctive relief and punitive damages. The trial court cannot grant the requested equitable relief. *United States v. Tohono O'Odham Nation*, 131 S. Ct. 1723, 1729 (2011).

In addition, the trial court did not err in dismissing Ms. Treviño's complaint without first giving her the opportunity to amend. The court gives pro se petitioners more latitude in their pleadings than parties represented by counsel. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). But the court need not give a pro se petitioner leave to amend her complaint where it is clear that such an amendment would be futile. *See, e.g.*, *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1327 (Fed. Cir. 1998). Here, none of Ms. Treviño's claims fall within the defined jurisdiction of the Court of Federal Claims. Allowing her to amend her complaint would have been futile.

**AFFIRMED**

Costs

No costs.