NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SOLOMON UPSHAW,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2015-5032

---

Appeal from the United States Court of Federal Claims in No. 1:14-cv-00569-SGB, Judge Susan G. Braden.

---

Decided: April 14, 2015

---

SOLOMON UPSHAW, Cape Neddick, ME, pro se.

CHRISTOPHER KEITH WIMBUSH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

---

Before PROST, *Chief Judge,* SCHALL, and WALLACH,
*Circuit Judges.*

PER CURIAM.

Plaintiff-Appellant Solomon Upshaw appeals the July 19, 2014, final order by the United States Court of Federal Claims ('Claims Court") dismissing his Amended Complaint for lack of subject-matter jurisdiction. *See Upshaw v. United States*, No. 14-569C (Ct. Cl. Nov. 19, 2014) (Resp't's App. ("R.A.") 34–39) ("Final Order"). For the reasons set forth below, this court affirms.

BACKGROUND

Mr. Upshaw filed his Complaint with the Claims Court on July 7, 2014. The Complaint originally listed WMB Construction, Inc., William Brandon, Jr., and Kara L. Brandon as the defendants while listing Mr. Upshaw and U Transport Corporation as the plaintiffs. The Government filed a motion to dismiss on September 19, 2014, arguing the court lacked jurisdiction to hear Mr. Upshaw's Complaint because the Claims Court only has jurisdiction to hear claims against the United States. *See Trevino v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014) (holding "[t]he Tucker Act, 28 U.S.C. § 1491, limits the jurisdiction of the Court of Federal Claims to claims for money damages against the United States").

On September 19, 2014, the Claims Court advised Mr. Upshaw of his pleading's defects relating to the parties listed and the jurisdictional bounds of the court. Mr. Upshaw filed an Amended Complaint on September 29, 2014, which listed the United States as the only defendant and himself as the only plaintiff. In his Amended Complaint, Mr. Upshaw alleged a broker with "authority" from the "Interstate Commerce Commission" stole his tractor and trailer from a "rented parking space" and then "sold it to private parties." R.A. 35. On October 8, 2014, the Government renewed its motion to dismiss, arguing

Mr. Upshaw failed to state a claim for which relief could be granted and the court lacked jurisdiction to hear his Complaint. The Claims Court agreed and dismissed the Complaint on November 19, 2014. Mr. Upshaw appeals the dismissal to this court. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(3) (2012).

## DISCUSSION

### I. Standard of Review and Jurisdiction

This court "review[s] de novo whether the Claims Court possessed jurisdiction." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014) (citing *Maher v. United States*, 314 F.3d 600, 603 (Fed. Cir. 2002)). As plaintiff, Mr. Upshaw "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Id. (citing Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)). When reviewing a Claims Court's "motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Id.* (citing *Cedars–Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583–84 (Fed. Cir. 1993)).

The jurisdiction of the Claims Court is limited by the Tucker Act "to claims for money damages against the United States based on sources of substantive law that 'can fairly be interpreted as mandating compensation by the Federal Government.'" *Trevino*, 557 F. App'x at 998 (quoting *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009)). The Claims Court "does not have jurisdiction over claims against any party other than the United States." *Id.* (citing 28 U.S.C. § 1491). Jurisdiction does not extend to claims "sounding in tort." 28 U.S.C. § 1491(a)(1). Furthermore, jurisdiction does not extend to cases involving criminal law, the due process clause, or the Fifth Amendment's equal protection clause because they "do not provide for the payment of monies, even if

there were a violation." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).

## II. The Claims Court Properly Found It Lacked Jurisdiction

When liberally construing the Amended Complaint in favor of Mr. Upshaw,[1] it is clear the Complaint makes no claim against the United States. Mr. Upshaw alleges a broker with authority from the Interstate Commerce Commission "deprived" his tractor and trailer from a "rented parking space" and sold them to another private authority. R.A. 35. Though Mr. Upshaw's lawsuit is nominally against the Government, he alleges no facts that actually implicate the Government. Indeed, the only difference between Mr. Upshaw's original Complaint and his Amended Complaint is the insertion of the United States as a defendant in the captions.

Even if the Amended Complaint sufficiently alleges a cause of action against the United States, it cannot form a basis for subject-matter jurisdiction because it is not based on a cause of action that mandates compensation. *See Navajo Nation*, 556 U.S. at 290. Mr. Upshaw's claims are based on criminal law or tort. The Claims Court does not have jurisdiction over such claims. *See* 28 U.S.C. § 1491(a)(1); *Joshua*, 17 F.3d at 379. Accordingly, his claim must fail.

### CONCLUSION

For the reasons set forth above, the decision of the Claims Court is

**AFFIRMED**

---

[1]    A pro se complaint must be "liberally construed" and held to a "less stringent standard[] than formal pleadings." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## Costs

No Costs.