# ORIGINAL

# In the United States Court of Federal Claims

No. 16-17C
(Filed January 27, 2016)
NOT FOR PUBLICATION

FILED

JAN 27 2016

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * * * * *
*  
*  
*  
STANLEY HOWARD,   *
*  
          Plaintiff,   *
   v.   *
*  
THE UNITED STATES,   *
*  
          Defendant.   *
*  
* * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

On January 15, 2016, the Clerk's office received plaintiff's application to proceed *in forma pauperis* and a letter from plaintiff. While the application was filed at that time, the letter was not because it was not in a recognizable form for filing. A review of the letter reveals that it, for the most part, appears to be a request that alternative dispute resolution (ADR) be attempted, and the Clerk's office shall file it as such.

Plaintiff's letter has prompted the Court to review the papers plaintiff has filed in this case. In his January 4, 2016 complaint, plaintiff refers to himself as "Man as Lord of Spirits." † He alleges that the New Castle County (Delaware) Police abducted him and forced him "to act as a State Natural Person." Compl. ¶¶ 1–2. Plaintiff requests that criminal charges be brought against three entities of the state of Delaware: its Department of Justice, the New Castle County Police, and the Howard R. Young Correctional Institution. Compl. at 2. He also seeks a fee of $250,000 for each fifteen minutes he is "forced to act as a State Entity," beginning

---

† Attached to the complaint is a letter dated December 3, 2015, in which Mr. Howard indicated he was in the process of changing his name to Setep Zadoc Israel. As plaintiff continued to use the name Stanley Howard in his *in forma pauperis* application and the ADR request, the Court assumes the name change is not yet official.

December 3, 2015. *Id.* at 2–3. In an attached letter, Mr. Howard requests that U.S. Marshals be deployed to free him from his allegedly unlawful detainment at the Howard R. Young Correction Institute.

Subject-matter jurisdiction can be challenged by the parties at any time, or by the court itself. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC). When a court undertakes this determination, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." *Folden*, 379 F.3d at 1354.

Plaintiff seems to be confused about the jurisdiction of our court. We have the power to hear only cases brought against the *United States* government, primarily money claims based on grounds other than torts. *See* 28 U.S.C. § 1491. Mister Howard's complaint contains no factual allegations concerning the United States government, much less anything related to our subject-matter jurisdiction (such as a federal contract or a money-mandating statute). He seeks money based on the actions of state and local government entities, which is not within our power to grant. *See Vlahakis v. United States*, 215 Ct. Cl. 1018, 1018 (1978). He also requests that criminal charges be brought, which could not be done in our court even were actions of the federal government at issue. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).

This case is accordingly **DISMISSED**, under RCFC 12(h)(3), for lack of subject-matter jurisdiction. The Clerk's office shall close the case. In light of Mr. Howard's confusion regarding the scope of our court's jurisdiction, and taking into consideration the minimal diversion of court resources entailed by this matter, the Court waives Mr. Howard's filing fee.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge