# ORIGINAL

## In the United States Court of Federal Claims

No. 15-1371C
(Filed March 31, 2016)
NOT FOR PUBLICATION

* * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |
|---|---|
| HENRY BARRERA, | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |

* * * * * * * * * * * * * * * * * * * * * * * * *

FILED

MAR 3 1 2016

U.S. COURT OF
FEDERAL CLAIMS

### ORDER

A few days after this case was dismissed because it was not within our court's jurisdiction, the Clerk's office received an affidavit from plaintiff and a motion to amend plaintiff's complaint. According to the attached affidavits of service, plaintiff placed both documents in the New York State Department of Correctional Service's mailbox on February 5, 2016. The Court will construe both documents as having been filed on that date, two weeks before the Court's February 19, 2016 order dismissing the case. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The Clerk's office is directed to file the motion to amend the complaint, and to file the plaintiff's affidavit as a response to the government's January 6, 2016 motion to dismiss.

Nothing in Mr. Barrera's affidavit, however, remedies the jurisdictional problems inherent in plaintiff's complaint. Plaintiff's affidavit provides more detail regarding his treatment in "holding ball pen #5 1/2." This Court only has jurisdiction over certain cases brought against the United States government and not cases challenging the actions of state or local governments or officials. *Vlahakis v. United States*, 215 Ct. Cl. 1018, 1018 (1978). Additionally, plaintiff's motion to amend his complaint to add as defendants "New York City Department of Corrections, John Doe A.M.K.C. Warden, New York City Corrections Commission" is **DENIED** as moot, for the same reason the case was dismissed. Adding those parties would not cure the jurisdiction defects in plaintiff's complaint, and only the United States government may be named as a defendant in complaints in our court. *See* Rule 10(a) of the Rules of the United States Court of Federal Claims;

*Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003). Accordingly, the case remains closed.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge