ORIGINAL

# In the United States Court of Federal Claims

No. 16-703C
(Filed July 18, 2016)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                          *
                                          *
OLIVER-VAUGHN DOUCE                        *
AL-DEY,                                    *
                                          *
                    Plaintiff,             *
          v.                               *
                                          *
THE UNITED STATES,                         *
                                          *
                    Defendant.             *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

On June 20, 2016, the Court issued an order *sua sponte* dismissing this case because the United States Court of Federal Claims does not have jurisdiction over its subject matter. Eight days after judgment was entered, the Clerk's office received from Oliver-Vaughn Douce Al-Dey what purports to be a motion for leave to amend the complaint under Rule 15 of the Rules of the United States Court of Federal Claims (RCFC). Accompanying this motion is a copy of the proposed amended complaint.

The basis for the motion appears to be Mr. Douce Al-Dey's desire to provide a more definite statement of his claim under RCFC 12(e). As his case has been dismissed, a motion to amend the complaint would not be proper. Taking into consideration that plaintiff is representing himself, and noting that the motion does include the word "reconsider," the Court will treat the document as a motion for reconsideration under RCFC 59, and the Clerk shall file it accordingly.

A review of the proposed amended complaint reveals that plaintiff has added no allegations that would place his case within our court's subject matter jurisdiction. His dispute is with New York City officials and their contractors who apparently towed his car. Calling the responsible parties "municipal entity agents for U.S.A.," Prop. Am. Compl. ¶ 8, does not make them so, and the allegation that the United States government is "in charge of" the City, *id.* ¶ 9, is legally incorrect.

*See Gharb v. United States*, No. 12-911C, 2013 WL 4828589, at *6 (Fed. Cl. Sept. 9, 2013) (citing *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 751 (2002)). As the Court explained in the previous order, we cannot hear cases concerning the actions of state or local government officials and their agents. *See Vlahakis v. United States*, 215 Ct. Cl. 1018, 1018 (1978); *Clark v. United States*, No. 11-10C, 2014 WL 3728172, at *9 (Fed. Cl. July 28, 2014). The allegation that the United States is holding plaintiff's stolen property, Prop. Am. Compl. ¶ 11, appears to be based on nothing more than plaintiff's mistaken belief that the federal and municipal governments are one and the same, *see* Compl. ¶ 11. And plaintiff's citation to *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172 (1985), *see* Prop. Am. Compl. ¶ 10, while in some regards commendable considering his *pro se* status, is irrelevant, as that case concerns the procedures for ripening a takings claim to be brought in a U.S. district court. The U.S. Court of Federal Claims is not a district court. *See* 28 U.S.C. § 171.

In sum, plaintiff has provided no valid ground for reconsidering the dismissal of his case. The motion is accordingly **DENIED**.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge