NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHRISTOPHER B. JULIAN, RENEE G. JULIAN,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2016-1889

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-01344-EJD, Senior Judge Edward J. Damich.

---

Decided: August 4, 2016

---

CHRISTOPHER B. JULIAN, Ararat, VA, pro se.

RENEE G. JULIAN, Ararat, VA, pro se.

MELISSA BAKER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

Before PROST, *Chief Judge,* CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Plaintiffs Christopher B. Julian and Renee G. Julian filed suit in the United States Court of Federal Claims alleging that the government breached an implied contract and/or violated the Fifth Amendment's Takings Clause when the United States District Court for the Western District of Virginia dismissed an earlier suit filed by Plaintiffs under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1964(c). In an order issued March 10, 2016, the Court of Federal Claims dismissed Plaintiffs' complaint for lack of jurisdiction and failure to state a claim upon which relief could be granted. *Julian v. United States*, No. 15-1344C, 2016 WL 929219, at \*2–3 (Fed. Cl. Mar. 10, 2016) (*Order*). In that same order, the court denied Plaintiffs' request that the assigned judge—Senior Judge Edward J. Damich—recuse himself from the case. *Id.* at \*3. We find no error in the court's analysis and agree that dismissal was proper. We therefore *affirm*.

## BACKGROUND

Plaintiffs' claims in this case arise from dismissal of an earlier case they filed in the Western District of Virginia. On September 16, 2013, Plaintiffs filed suit against the United States Department of Agriculture (USDA), seven federal employees, and one Virginia state employee requesting judicial review of the USDA's decision to deny Plaintiffs a Farm Ownership Loan and alleging a variety of due process and other tort claims.[1] *Julian v. Rigney,*

---

[1] Specifically, Plaintiffs lodged allegations of negligence, fraud, fraudulent misrepresentation, conspiracy,

No. 4:13-cv-00054, 2014 U.S. Dist. LEXIS 38311, at *13 (W.D. Va. Mar. 24, 2014). The district court dismissed Plaintiffs' claims, with the exception of the request for review of the USDA's decision to deny the loan. *Id.* at *83. The district court subsequently granted the USDA's motion for summary judgment that it acted within its authority when it denied Plaintiffs' loan request. *Julian v. Rigney*, No. 4:13-cv-00054, 2014 U.S. Dist. LEXIS 113190, at *18 (W.D. Va. Aug. 15, 2014). The Court of Appeals for the Fourth Circuit affirmed the district court's decisions, *Julian v. U.S. Dep't of Agriculture*, 585 F. App'x. 850, 850–51 (4th Cir. 2014), and the Supreme Court denied Plaintiffs' cert petition, *Julian v. U.S. Dep't of Agriculture*, 135 S. Ct. 1901, 1902 (2015).

Plaintiffs then filed suit in the Court of Federal Claims seeking damages of $42 million. They alleged that the United States government breached an implied contract when the Western District of Virginia dismissed their earlier case. Plaintiffs reason as follows: (1) the government offered to enter into a contract with private citizens through the codification of § 1964(c) of the RICO Act, which allows persons who suffer injuries to their business or property through a violation of the RICO Act to serve as "private attorneys general" and sue for damages in federal district court, *see Agency Holding Corp. v. Malley-Duff & Assoc., Inc.*, 483 U.S. 143, 151 (1987); (2) Plaintiffs accepted this offer by filing their complaint in the Western District of Virginia; and (3) the government breached the implied contract when the district court dismissed Plaintiffs' claims. In the alternative, Plaintiffs alleged that the district court's dismissal effec-

racketeering, and violations of the Fair Credit Reporting Act. *Julian v. Rigney*, No. 4:13-cv-00054, 2014 U.S. Dist. LEXIS 38311, at *13 (W.D. Va. Mar. 24, 2014).

tuated an unlawful "taking" of Plaintiffs' personal property (i.e., the implied contract) under the Fifth Amendment.

On March 10, 2016, the Court of Federal Claims dismissed Plaintiffs' action. The court held that it lacked jurisdiction to review the Western District of Virginia's dismissal of Plaintiffs' earlier case and that Plaintiffs failed to state a claim for breach of contract or an unlawful taking. *Order*, 2016 WL 929219, at *2–3. As part of the order, Judge Damich denied Plaintiffs' request that he recuse himself because he refused to attest to Plaintiffs that he had taken his statutory oath to perform his duties under the Constitution.[2] *Id.* at *3.

In response to the Court of Federal Claims' order, Plaintiffs filed a petition for writ of mandamus to this court. We converted Plaintiffs' petition to a notice of appeal on April 19, 2016. We have jurisdiction to address Plaintiffs' appeal under 28 U.S.C. § 1295(a)(3).

### DISCUSSION

We review whether the Court of Federal Claims properly dismissed a complaint for either a lack of jurisdiction or for failure to state a claim upon which relief can be granted de novo. *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000). Plaintiffs bear the burden of establishing jurisdiction by a preponderance of the evidence. *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002). We "uphold[] the Court of Federal Claims' evidentiary rulings absent an abuse of discretion." *Id.*

Dismissal for failure to state a claim under Rule 12(b)(6) is proper only when a plaintiff "can prove no set

---

[2] Plaintiffs included this request in a footnote in their opposition to the government's motion to dismiss. Judge Damich treated the request as a motion for recusal. *Id.* at *3.

of facts in support of his claim which would entitle him to relief." *Leider v. United States*, 301 F.3d 1290, 1295 (Fed. Cir. 2002) (internal quotation marks and citation omitted). "In reviewing the Court of Federal Claims' grant of a Rule 12(b)(6) motion, we must assume that all well-pled factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-movant." *Adams v. United States*, 391 F.3d 1212, 1218 (Fed. Cir. 2004).

The Court of Federal Claims properly found that it lacked jurisdiction over Plaintiffs' claims. While styled as breach of contract and takings claims, Plaintiffs' claims are, at bottom, requests that the Court of Federal Claims review the Western District of Virginia's decision to dismiss Plaintiffs' earlier action.[3] "The Court of Federal Claims does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Moreover, to the extent that Plaintiffs now argue that the RICO Act is, itself, a money-mandating statute conferring jurisdiction on the Court of Federal Claims,[4] we hold that it is not. *See Treviño v. United*

---

[3] The Court of Federal Claims also dismissed claims it understood Plaintiffs to raise under the due process clauses of the Fifth and Fourteenth Amendments. *Order,* 2016 WL 929219, at *2. In their opening brief, Plaintiffs make clear that none of their claims "w[ere], or [are], based on violations of the Fifth and Fourteenth Amendments." Appellants' Opening Br. 38. "[T]he party who brings a suit is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913). Therefore, we do not address this portion of the court's opinion.

[4] *See* Appellants' Opening Br. 39 ("As has been consistently argued by Appellants throughout these proceedings 18 U.S.C. § 1964(c) is absolutely [a] money

*States*, 557 F. App'x 995, 998 (Fed. Cir. 2014); *Hufford v. United States*, 87 Fed. Cl. 696, 702 (2009).

The Court of Federal Claims' alternative analysis—i.e., that Plaintiffs failed to state a claim for which relief could be granted—was likewise correct. Plaintiffs' allegations do not establish that any contract existed between Plaintiffs and the government. Plaintiffs' characterization of § 1964(c) of the RICO Act as a contract "offer" is false. "[A]bsent some clear indication that the legislature intends to bind itself contractually, the presumption is that 'a law is not intended to create private contractual or vested rights.'" *Nat'l R.R. Passenger Corp. v. Atchison Topeka & Santa Fe Ry. Co.*, 470 U.S. 451, 465–66 (1985) (quoting *Dodge v. Bd. of Ed.*, 302 U.S. 74, 79 (1937)). Nothing in the RICO Act suggests it was intended to function as a contract offer to private citizens.

Plaintiffs also failed to allege an unlawful taking under the Fifth Amendment. Plaintiffs contend that their RICO Act claim in the Western District of Virginia represented a property right that was taken by the government when the district court dismissed the claim. We have held that frustration of a legal claim, like that alleged by Plaintiffs, is not a compensable taking. *See Belk v. United States*, 858 F.2d 706, 709 (Fed. Cir. 1988) (holding that international agreement that barred Iranian hostages from bringing legal action could not form the basis of a takings claim).

Finally, we hold that Judge Damich did not abuse his discretion when he denied Plaintiffs' motion that he recuse himself from the case. *See Shell Oil Co. v. United States*, 672 F.3d 1283, 1288 (Fed. Cir. 2012) ("Consistent with the vast majority of courts to consider this issue, we

---

mandating statute, which provides substantive property rights in money damages.").

review a judge's failure to recuse for an abuse of discretion."). By statute, all federal judges must swear or affirm to perform their duties under the Constitution before taking office. *See* 28 U.S.C. § 453. There is no requirement that a federal judge later establish that he took that oath or affirmation to the satisfaction of any particular party.

### AFFIRMED

### COSTS

Each party shall bear its own costs.