ORIGINAL

# In the United States Court of Federal Claims

No. 18-360C
(Filed March 23, 2018)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                *
                                *
CALVIN E. SUGGS,                *
                                *
              Plaintiff,        *
                                *
      v.                        *
                                *
THE UNITED STATES,              *
                                *
              Defendant.        *
                                *
                                *
* * * * * * * * * * * * * * * * *
```

FILED

MAR 2 3 2018

U.S. COURT OF
FEDERAL CLAIMS

## ORDER

This case was filed *pro se* on March 5, 2018, by Calvin E. Suggs, an inmate in Moore Haven, Florida. *See generally* ECF No. 1. From the complaint, it appears that plaintiff seeks to bring suit against several state prosecutors, defense attorneys, judges, law-enforcement officials, private individuals, and the State of Florida for alleged violations of law relating to previous state-court actions. *See generally id.* But plaintiff misunderstands the purpose of this court's jurisdiction. The Tucker Act grants this court jurisdiction over cases seeking damages against the United States government for claims founded upon the Constitution, statutes, or regulations of the United States, as well as damages for breaches of contracts with the United States. 28 U.S.C. § 1491(a)(1). Congress has specifically withheld from our subject-matter jurisdiction cases for damages that sound in tort or cases that allege crimes committed against the plaintiff. *Id.*; *Stanwyck v. United States*, 127 Fed. Cl. 308, 313–14 (2016).

As his case centers around complaints about allegedly tortious or criminal conduct by state officials and private parties, our court lacks the authority to hear the matter. *Vlahakis v. United States*, 215 Ct. Cl. 1018, 1018–19 (1978); *see also Ambase Corp. v. United States*, 61 Fed. Cl. 794, 796 (2004) (explaining that the court does not have jurisdiction over private parties). "This court does not have

7017 1450 0000 1346 0959

jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself." *Anderson v. United States*, 117 Fed. Cl. 330, 331 (Fed. Cl. 2014); *see also Treviño v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014) (explaining that this court cannot hear claims against "states, localities, state and local government officials, state courts, state prisons, or state employees"). Plaintiff's claims fall outside of our jurisdiction. He does not even name the United States as a defendant. Instead, he only names various individuals and the State of Florida as defendants for alleged criminal or tortious conduct. *See generally* ECF No. 1. Further, he attempts have this Court review the correctness of state-court decisions—as if this court were an appellate court. *Id.* at 3–7. But this court has no such power. *See Hernandez v. United States*, 96 Fed. Cl. 195, 203 (2010) ("This court does not have jurisdiction to review the decisions of [the state-court judge] who presided over plaintiff's criminal case or related allegations of ineffective counsel during the prosecution of plaintiff's criminal case."); *Burlison v. United States*, 75 Fed. Cl. 736, 741 (2007) (explaining that the court had no authority to review the disposition of a state court domestic-relations matter).

Under Rule 12(h)(3) of the Rules of the United States Court of Federal Claims, the court may dismiss a case that falls outside of our jurisdiction *sua sponte*. Because plaintiff states only claims that are obviously not within our jurisdiction, this case is **DISMISSED** for lack of jurisdiction. The Clerk is directed to close this case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge