NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**LOUIS A. BANKS,** AND **D. B., A MINOR,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2018-1254

_____

Appeal from the United States Court of Federal Claims in No. 1:17-cv-00808-LKG, Judge Lydia Kay Griggsby.

_____

Decided: June 12, 2018

_____

LOUIS A. BANKS, Washington, DC, pro se.

ERIC JOHN SINGLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., LISA L. DONAHUE.

_____

Before PROST, *Chief Judge*, WALLACH and HUGHES, *Circuit Judges.*

PER CURIAM.

Appellants Louis A. Banks and his minor son D.B. (together, "the Bankses") appeal an order of the U.S. Court of Federal Claims dismissing their complaint without prejudice pursuant to Rule 41(b) of the Rules of the Court of Federal Claims ("RCFC").[1] *See Banks v. United States*, No. 1:17-cv-00808-LKG (Fed. Cl. Nov. 6, 2017) (Appellee's App. 4–5). Because we conclude that the Court of Federal Claims lacked jurisdiction, we affirm.

It is a basic tenet that "every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (internal quotation marks and citation omitted); *cf. City of Gainesville v. Brown-Crummer Inv. Co.*, 277 U.S. 54, 59 (1928) (acknowledging that jurisdiction "cannot be waived" and "may be raised at any time"). Where a lower federal court lacks jurisdiction, we retain jurisdiction on appeal to address the jurisdic-

---

[1] RCFC 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion." The Court of Federal Claims dismissed the Complaint for failure to comply with an order to show cause why the Bankses failed to respond to the Government's motion to dismiss. *See* Appellee's App. 4–5. However, on appeal, the Government represents that, "after reviewing [its] files, [it is] unable to find a record that the [M]otion [to Dismiss] was indeed sent to [the Bankses]" and that, therefore, "it is possible that [the Bankses] had not received [the M]otion to [D]ismiss at the time [they] responded to the [Court of Federal Claims'] show cause order." Appellee's Br. 8.

tional question. *See Bender*, 475 U.S. at 541; *see also* 28 U.S.C. § 1295(a)(3) (2012) (providing the statutory basis for our appellate jurisdiction here).

Pursuant to the Tucker Act, the Court of Federal Claims "shall have jurisdiction" over, inter alia, "any claim *against the United States* founded either upon the Constitution[] or any Act of Congress." 28 U.S.C. § 1491(a)(1) (emphasis added); *see United States v. Testan*, 424 U.S. 392, 398 (1976) (identifying the Tucker Act as "a jurisdictional statute"). Tucker Act "jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States[,] the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (citations omitted).

The Court of Federal Claims lacked jurisdiction to entertain the Complaint. While the Complaint nominally lists the United States as a defendant, *see* Appellee's App. 62, 65, it fails to identify any claims against the United States, *see generally id.* at 62–79. Instead, the Complaint seeks damages for injuries suffered by D.B. primarily stemming from an incident involving alleged actions by school employees in the District of Columbia, *id.* at 67–68, 75, and alleges violations of federal criminal statutes and the U.S. Constitution by (1) the District of Columbia government and officials, (2) various courts and judges, (3) D.B.'s school and its employees, and (4) a charity organization and its employees, *see, e.g., id.* at 65 (listing "Superior Court, District of Columbia, Family Court, Judges, Attorney General, [Metro Police Department] Police, Mayor, Psychologists, Social Workers[,] and Attorneys"), 66 (identifying "Inspired Teaching," "District of Columbia," and "Child and Family Services," as well as named employees at each, in a "List of Parties"), 67 (identifying "Child and Family Services," "Catholic Charities," and the "Inspired Teaching School," as well as

named employees at each).  Because none of these entities against which the Complaint states a claim are the United States, the Court of Federal Claims lacked jurisdiction. *See Sherwood*, 312 U.S. at 588; *see also Trevino v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014) (holding the Court of Federal Claims "lacks jurisdiction over . . . claims against states, localities, state and local government officials, state courts, state prisons, or state employees"). Although this court generally interprets the pleadings of a pro se plaintiff liberally, *see, e.g., Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005), the Bankses' pro se status "does not excuse [the Complaint's] failures" here, *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995); *cf. Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for pro se litigants only." (italics omitted)).

In sum, we are not satisfied that the Court of Federal Claims had jurisdiction over the Complaint.  We have considered the Bankses' remaining arguments and find them unpersuasive.  Accordingly, the Order of the U.S. Court of Federal Claims is

## AFFIRMED

COSTS

No costs.