NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**MATTHEW CURRY,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2019-1486

_____

Appeal from the United States Court of Federal Claims in No. 1:18-cv-01363-MMS, Chief Judge Margaret M. Sweeney.

_____

Decided: October 7, 2019

_____

MATTHEW CURRY, Washington, DC, pro se.

DELISA SANCHEZ, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOSEPH H. HUNT, REGINALD THOMAS BLADES, JR., ROBERT EDWARD KIRSCHMAN, JR.

_____

Before LOURIE, MAYER, and TARANTO, *Circuit Judges.*

PER CURIAM.

Matthew Curry appeals from the decision of the United States Court of Federal Claims (the "Claims Court") denying a motion for reconsideration of a judgment dismissing his complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. *See Curry v. United States*, No. 1:18-cv-01363, slip op. at 4–5 (Fed. Cl. Dec. 13, 2018) ("*Decision*"). Because the Claims Court did not err in its dismissal and subsequent denial of reconsideration, we *affirm*.

BACKGROUND

Curry filed a complaint and summons in the Twenty-First Judicial Circuit in Kankakee County, Illinois, naming the Illinois State Department of Law, the City of Kankakee Police Department, and Officers Jeffrey S. Voss and Todd Koerner as defendants. *See* Compl. Ex. A, *Curry v. United States*, No. 1:18-cv-01363 (Fed. Cl. Sept. 5, 2018), ECF No. 1. Curry then filed two motions for summary judgment as well as two petitions. *See id.* Exs. E, F. On October 18, 2017, the defendants filed a motion to strike and/or dismiss. *See id.* Ex. E. Curry then filed a petition for injunctive relief. *See id.* Ex. G. Officers Voss and Koerner then removed the case to the United States District Court for the Central District of Illinois. *See id.* Ex. E.

Following this series of events, Curry filed a complaint in the Claims Court attaching as exhibits the various filings from the Illinois case, followed by a motion that the Claims Court determined "appear[ed] to request a finding of contempt against an unspecified party." *See generally id.*; Motion, *Curry v. United States*, No. 1:18-cv-01363 (Fed. Cl. Sept. 13, 2018), ECF No. 9. The government filed a motion to dismiss under Rules of the United States Court of Federal Claims ("RCFC") 12(b)(1) and 12(b)(6), which the Claims Court granted. First, it determined that it did not have jurisdiction to adjudicate claims against parties other than the United States, *see* 28 U.S.C. § 1491(a)(1), or to

adjudicate civil actions under 28 U.S.C. § 1332. *Decision*, slip op. at 4. Second, the Claims Court determined that the complaint failed to allege a violation of any statute or contract that mandates compensation by the United States. *Id.* Finally, the Claims Court determined that it does not have jurisdiction to adjudicate violations of the Administrative Procedure Act or claims founded on state law. *Id.* at 4–5. The court then dismissed the complaint for lack of jurisdiction and denied Curry's motion filed September 13, 2018 as moot. *Id.* at 5.

The Claims Court also denied Curry's motion for reconsideration, determining that Curry had not "advanced any basis" for the court to grant his motion. *See* Order Denying Motion for Reconsideration at 4, *Curry v. United States*, No. 1:18-cv-01363 (Fed. Cl. Jan. 30, 2019), ECF No. 20. The court addressed Curry's additional claims under 42 U.S.C. § 1983 (the "Civil Rights Act"), the Federal Tort Claims Act, and the Due Process Clause of the Fifth Amendment and determined that it lacked jurisdiction over all of those claims. *Id.* at 3–4.

Curry appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review *de novo* dismissals by the Claims Court for lack of jurisdiction. *Frazer v. United States*, 288 F.3d 1347, 1351 (Fed. Cir. 2002). A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence, *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002), and the leniency afforded to *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements, *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Curry recites numerous statutes and case law in his appeal brief; however, he does not appear to explain why the Claims Court erred in dismissing his complaint for lack

of subject matter jurisdiction or for failure to state a claim upon which relief may be granted.

The government responds that the Claims Court properly dismissed the complaint for lack of jurisdiction. The government contends that, although the complaint cites the Tucker Act, it does not set forth any factual allegations that could be construed as a violation of the money-mandating constitutional provision. To the extent that any of the claims sound in tort, such as "wrongfully assigning him to [a] facility," S.A. 14–15, the government argues that it would be outside of the Claims Court's subject matter jurisdiction. The government further argues that the Claims Court lacks jurisdiction over civil suits under 28 U.S.C. § 1332, which confers original jurisdiction to district courts. Finally, the government asserts that the Claims Court does not have jurisdiction to hear any claims against states, localities, state and local government officials, state courts, state prisons, or state employees.

We agree with the government that the Claims Court properly dismissed Curry's complaint for lack of subject matter jurisdiction. The Tucker Act provides the Claims Court with jurisdiction over claims "*against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or *for liquidated or unliquidated damages in cases not sounding in tort.*" 28 U.S.C. § 1491(a)(1) (emphases added).

The Claims Court correctly determined that it did not have jurisdiction to adjudicate claims against parties other than the United States. *See* § 1491(a)(1). The Claims Court also lacks jurisdiction to adjudicate civil actions under 28 U.S.C. § 1332, which confers original jurisdiction to district courts. To the extent that Curry is seeking to name as defendants the Illinois State Department of Law, the City of Kankakee Police Department, and Officers Voss

and Koerner, the Claims Court lacks jurisdiction to hear those claims. *See Trevino v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014). And to the extent that Curry is suing the Officers in their personal capacities, the Claims Court also lacks jurisdiction to hear those claims. *See Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997)

The Claims Court also correctly determined that it lacks jurisdiction to adjudicate cases that sound in tort. *See Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). It also lacks jurisdiction over claims alleging violations of the Administrative Procedure Act, *see Martinez v. United States*, 333 F.3d 1295, 1313 (Fed. Cir. 2003), the Civil Rights Act, *see Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005), the Federal Tort Claims Act, *see Wood v. United States*, 961 F.2d 195, 197 (Fed. Cir. 1992), and the Due Process Clause of the Fifth Amendment, *see LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

We also agree with the government that the Claims Court also correctly determined that the complaint failed to state a claim upon which relief may be granted as it does not allege any violation of a statute or contract that mandates compensation by the United States. *See United States v. Navajo Nation*, 556 U.S. 287, 290 (2009). Accordingly, the Claims Court did not err in dismissing the complaint.

Curry has also filed motions in this case for an order to retain the record and for an extraordinary writ. Because they present new arguments not raised below and request relief that this court cannot provide, the motions are denied.

## CONCLUSION

We have considered Curry's remaining arguments but find them unpersuasive. For the foregoing reasons, we *affirm* the Claims Court's dismissal of this case.

**AFFIRMED**

Costs

No costs.